IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS JAMES REAL BIRD,<br><br>Defendant. | CR 22-46-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 46.)

On January 18, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to four (4) months imprisonment, followed by 32 months of supervised release.

I. **Background**

In 2022, Defendant pled guilty to the offense of possession with intent to distribute methamphetamine. (Doc. 23.) On October 20, 2022, the Court sentenced him to 12 months and one (1) day imprisonment, to be followed by 36 months supervised release. (Doc. 38.) Defendant began serving his term of supervised release on September 1, 2023.

1

On November 9, 2023, the United States Probation Office filed the petition now at issue. (Doc. 44.) The petition alleges that Defendant violated three (3) conditions of supervised release, and provides a brief explanation of each violation. (*Id*.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 45.)

On January 3, 2024, Defendant was arrested. (*See* Doc. 52.) On January 4, 2023, Defendant made an initial appearance. (Doc. 47.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (*Id.*) The Court set the final revocation hearing for January 18, 2024. (*Id.*) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*)

## II.     Final Revocation Hearing

Defendant appeared at the revocation hearing represented by Steven Babcock. Bryan Dake represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history

category is IV, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of 6 months incarceration and 30 months supervised release. Defendant's counsel requested a sentence of two (2) months incarceration, to be followed by a term of supervised release.

### III. Analysis

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to four (4) months imprisonment, followed by 32 months supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, Defendant's violations all revolve around his use of controlled substances. Specifically, Defendant has violated his supervised release by (1) using controlled substances,

(2) failing to test for the use of controlled substances, and (3) failing to participate in substance abuse treatment. These violations are consistent with the characteristics of a person with an addiction to illegal substances.

With respect to Defendant's history and characteristics, Defendant's employer at Buggy Bath Car Wash submitted a letter to the Court, confirming Defendant's employment and stating that Defendant is a valued employee.

The undersigned has also reviewed Defendant's prior criminal conduct, including the nature of the underlying offense, as well as his prior criminal convictions. The underlying offense involved the distribution of 2.8 grams of methamphetamine. Defendant also has prior misdemeanor convictions for theft and partner or family member assault, but his other prior criminal history consists of possession of small amounts of controlled substances—specifically, (1) possession of 2 grams of marijuana in 2012, (2) possession of 0.6 grams of methamphetamine in 2014, and (3) criminal possession of 0.2 grams of methamphetamine in 2015. These offenses all involve relatively small, user amounts of controlled substances, and are again consistent with someone with an addiction to illegal substances.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct. As to this consideration, Defendant has not done well on supervision. He has previously violated his state supervision and committed

additional criminal offenses while on supervision.  It was also alleged that Defendant violated the terms of his pretrial release in this case, with violations similar to those at issue here: failing to appear for testing and use of controlled substances.  (*See* Doc. 35.)  Under his current term of supervised release, Defendant began his term on September 1, 2023, and in just over two months he collected ten (10) violations of his release conditions.  A sentence should be imposed here which will deter future violations and protect the public from future criminal conduct.

      The undersigned has also considered the need for future educational and correctional treatment.  As noted above, it is apparent that Defendant's violations center around his addiction to controlled substances, and conditions should be imposed to provide for mental health and substance abuse treatment.  The conditions recommended to Judge Christensen for mental health and substance abuse treatment will be limited to outpatient treatment.  *See United States v. Nishida*, 53 F.4th 1144, 1152–53 (9th Cir. 2022).

      Pursuant to the Sentencing Reform Act of 1984, and after considering the above factors, including the need to deter future violations of supervised release and to protect the public from criminal conduct, the undersigned finds that a custodial sentence is appropriate.  Nevertheless, a sentence below the advisory revocation guideline range is appropriate in this case based upon the nature and

circumstances of the violations, as well as the nature of Defendant's underlying criminal offense and history. A sentence of four (4) months custody, followed by 32 months of supervised release, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

### IV. Conclusion

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1. Defendant violated the special condition that he must participate in substance abuse testing when he failed to report to Alternatives, Inc. for substance abuse testing on September 21, 2023, September 26, 2023, September 28, 2023, October 3, 2023, and October 19, 2023.

2. Defendant violated the special condition that he must participate in and successfully complete a program of substance abuse treatment and remain in the program until released by the probation officer when he failed to report for

substance abuse treatment at Alternatives, Inc. on September 25, 2023, October 19, 2023, and November 8, 2023.

3.     Defendant violated the special condition that he must not purchase, possess, use, distribute, or administer marijuana, when he provided a urine sample that tested positive for marijuana on October 4, 2023, and provided a urine sample that tested positive for both marijuana and methamphetamine on October 24, 2023.

Accordingly, **IT IS RECOMMENDED** that:

1.     The Court should revoke Defendant's supervised release and sentence Defendant to four (4) months imprisonment, followed by a 32-month term of supervised release.

2.     The Court should recommend Defendant's placement at FCI Englewood.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether

objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

    DATED this 19th day of January, 2024.

                                         _____
                                         TIMOTHY J. CAVAN
                                         United States Magistrate Judge