IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS JAMES REAL BIRD,<br><br>Defendant. | CR 22-46-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 64.)

On October 11, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to six (6) months imprisonment, followed by 26 months of supervised release.

**I.    BACKGROUND**

In 2022, Defendant pled guilty to the offense of possession with intent to distribute methamphetamine. (Doc. 23.) On October 20, 2022, the Court sentenced him to 12 months and one day imprisonment, to be followed by 36

/ / /

1

months supervised release.  (Doc. 38.)  Defendant began serving his first term of supervised release on September 1, 2023.

On February 5, 2024, Defendant's supervised released was revoked for (1) failure to participate in substance abuse testing, (2) failure to participate in substance abuse treatment, and (3) use of marijuana.  (Doc. 58.)  He was sentenced to term of four (4) months incarceration, followed by 32 months of supervised release.  (*Id.*)  Defendant began his second period of supervised release on May 2, 2024.

On September 9, 2024, the United States Probation Office filed a petition alleging that Defendant violated five conditions of his supervised release and providing a brief explanation of each violation.  (Doc. 61.)  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 62.)  On September 24, 2024, Defendant was arrested.  (*See* Doc. 63.)  On September 26, 2024, Defendant made an initial appearance.  (Doc. 65.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. The Court set the final revocation hearing for October 11, 2024.  The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing.  (*Id.*)

On October 2, 2024, the United States Probation Office filed an amended petition, alleging three additional violations of his supervised release.  (Doc. 70.)

2

## II.   FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Russell Hart. Julie Patten represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the amended petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6–12 months incarceration. Defendant could also be sentenced to as much as 32 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of incarceration within the guideline range. Defendant's counsel requested a sentence of incarceration below or at the low end of the guideline range.

/ / /

/ / /

## III.   ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to six (6) months imprisonment, followed by 26 months of supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, these violations are very similar to Defendant's violations while on pretrial release and his first term of supervised release.  Defendant's violations almost entirely revolve around his use of alcohol and controlled substances, particularly marijuana.  Specifically, Defendant has violated his supervised release by (1) using alcohol and controlled substances, (2) failing to test for the use of controlled substances, and (3) failing to participate in substance abuse treatment.

With respect to Defendant's history and characteristics, he has a criminal history category of IV.  While Defendant has prior misdemeanor convictions for theft and partner or family member assault, his prior criminal history consists largely of possession of small amounts of controlled substances—specifically, (1) possession of 2 grams of marijuana in 2012, (2) possession of 0.6 grams of

methamphetamine in 2014, and (3) criminal possession of 0.2 grams of methamphetamine in 2015.  The underlying offense similarly involved the distribution of 2.8 grams of methamphetamine.  These offenses all involve relatively small, user amounts of controlled substances.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct.  In imposing the original sentence in this case, Judge Christensen provided Defendant with a tremendous opportunity in the form of a downward variance from a guideline range of 37–46 months, to 12 months and one day, requiring Defendant to serve less than one year.  Despite this opportunity, Defendant collected ten violations of his release conditions in fewer than two months while on his first term of supervised release.  When his first term of supervised release was revoked, he was again given an opportunity when Judge Christensen sentenced Defendant to four months, below the recommended revocation guideline range.  Now, on his second term of supervised release, Defendant has accumulated an additional 16 violations of his supervised release in the span of approximately 5 months.

Defendant has also previously done very poorly on other forms of supervision.  While on state supervision, Defendant violated the conditions of his release and committed additional criminal offenses while under supervision.  He

/ / /

also violated the conditions of his pretrial release in this case, and was subject to revocation of his pretrial release.

It is clear that the previous sentences have not been sufficient to deter continued violations of supervised release.  A longer sentence of incarceration within the recommended revocation guideline range is necessary to deter future violations, as well as to protect the public from future criminal conduct.

Finally, the undersigned has considered the need for future educational and correctional treatment.  Because of the nature of these violations, it is apparent that Defendant would benefit from mental health and substance abuse treatment, and it is recommended that the conditions of his supervised release provide for such treatment.

Pursuant to the Sentencing Reform Act of 1984, and after considering the above factors, including the need to deter future violations of supervised release and to protect the public from criminal conduct, the undersigned finds that a custodial sentence within the recommended revocation range is appropriate. Nevertheless, a sentence at the low end of revocation guideline range is appropriate in this case based upon the nature and circumstances of the violations, as well as the nature of Defendant's underlying criminal offense and history.  A sentence of six (6) months custody, followed by 26 months of supervised release, is sufficient,

///

but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2).

## IV. CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following FINDINGS:

1. Defendant violated the special condition that he must participate in substance abuse testing when he failed to report for random substance abuse testing on June 1, 2024, August 19, 2024, August 30, 2024, September 13, 2024, September 14, 2024, and September 19, 2024.

2. Defendant violated the special condition that he must participate in and successfully complete an outpatient program of substance abuse treatment when he failed to report for substance abuse treatment sessions on June 3, 2024, and September 17, 2024, and when he was dismissed from his substance abuse treatment group on June 11, 2024, due to making comments that negatively impacted the group session.

3. Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he provided urine samples on June 3, 2024, July 15, 2024, August 13, 2024, and September 10, 2024, that tested presumptive positive for marijuana, and when he provided a urine sample on July 22, 2024, that tested presumptive positive for cocaine.

4. Defendant violated the special condition that he must abstain from the consumption of alcohol when he submitted a urine sample on July 15, 2024, that tested positive for alcohol.

5. Defendant violated the standard condition that he must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer when he traveled to Wyoming on July 13, 2024, without such permission.

Accordingly, IT IS RECOMMENDED that:

1. The Court should revoke Defendant's supervised release and sentence Defendant to six (6) months imprisonment, followed by a 26-month term of supervised release.

2. The Court should recommend Defendant's placement at FCI Sheridan.

/ / /

/ / /

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 11th day of October, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge