IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 22-46-BLG-DLC-TJC |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |
| NICHOLAS JAMES REAL BIRD, | |
| Defendant. | |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 81.)

On October 30, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to 9 months imprisonment, with no supervised release to follow.

## I. BACKGROUND

In 2022, Defendant pled guilty to the offense of possession with intent to distribute methamphetamine. (Doc. 23.) On October 20, 2022, the Court sentenced him to 12 months and one day imprisonment, to be followed by 36 months supervised release. (Doc. 38.) Defendant began serving his first term of supervised release on September 1, 2023.

On February 5, 2024, Defendant's supervised released was revoked for failure to participate in substance abuse testing, failure to participate in substance abuse treatment, and use of marijuana. (Doc. 58.) He was sentenced to term of 4 months incarceration, followed by 32 months of supervised release. (*Id.*) Defendant began his second period of supervised release on May 2, 2024.

On October 4, 2024, Defendant's supervised release was revoked for marijuana and cocaine use, missing substance abuse testing and treatment, and for leaving the judicial district without permission. (Doc. 75.) He was sentenced to a term of 6 months incarceration, followed by 26 months of supervised release. (*Id.*) Defendant began his current period of supervised release on March 24, 2025.

On July 22, 2025, the United States Probation Office filed the petition now at issue. (Doc. 79.) The petition alleges that Defendant violated two conditions of supervised release, and provides a brief explanation of each violation. *Id.* Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 80.) Defendant was arrested, and made an initial appearance on October 14, 2025. (Doc. 83.)

## II.    FINAL REVOCATION HEARING

The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition

of sentence.  After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history category is IV, and the underlying offense is a class C felony.  Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 6-12 months incarceration.  Defendant could also be sentenced to as much as 26 months supervised release, less any incarceration time imposed.  Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of incarceration within the guideline range, with no supervision to follow.  Defendant's counsel requested a sentence of 9 months incarceration, with no supervision to follow.

## III.    ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should sentence Defendant to 9 months imprisonment, with no supervised release to follow.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and

circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, these violations are very similar to Defendant's violations while on pretrial release and his prior violations of supervised release. Defendant's violation history is primarily related to his use of alcohol and controlled substances. On this revocation, with the exception of one positive test for methamphetamine, Defendant's violations are limited to use of marijuana and failing to attend two substance abuse treatment sessions.

With respect to Defendant's history and characteristics, he had a criminal history category of IV at the time of the underlying offense. Although Defendant has prior misdemeanor convictions for theft and partner or family member assault, his prior criminal history is primarily connected to his use of alcohol and controlled substances. Defendant has also done very poorly on supervision. For example, while on state supervision, Defendant violated the conditions of his supervision, and he committed additional criminal offenses while on supervision. He also violated the conditions of his pretrial release in this case and was subject to revocation of his pretrial release.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct. In imposing the original sentence in this case, Judge Christensen provided Defendant with a tremendous opportunity in the form of a

downward variance from a guideline range of 37–46 months, to 12 months and one day, requiring Defendant to serve less than one year.  Despite this opportunity, Defendant collected ten violations of his release conditions in fewer than two months while on his first term of supervised release.  When his first term of supervised release was revoked, he was again given an opportunity when Judge Christensen sentenced Defendant below the recommended revocation guideline range to 4 months.  After Defendant's release on his second term of supervision, he accumulated an additional 16 violations of his release conditions in the span of just five months.  Defendant was again shown leniency, and was sentenced to the low end of the revocation range.

Now, after being released on his third term of supervised release on March 24, 2025, Defendant accumulated all the violations in the current petition within four months.  It is clear none of Defendant's prior sentences have been effective in deterring him from violating the conditions of his supervised release.

Finally, the undersigned has considered the need for future educational and correctional treatment.  It is apparent from Defendant's extended history of criminal conduct and repeated violations related to drug and alcohol abuse that Defendant would benefit from mental health and substance abuse treatment.  Nevertheless, treatment alternatives have repeatedly been made available to Defendant, and he has shown that he is not amendable to treatment or supervision

at this time.  The United States  Probation Office has exhausted its resources, and

an additional term of supervision would not benefit Defendant or the community.

Given Defendant's continued violations of the terms of his supervised

release and the lack of any effort to comply with his release conditions,

Defendant's supervised release should be revoked, and he should be sentenced

within the revocation guideline range.  Considering the nature of the violations,

however, a sentence at the high end of the guideline range would not be

proportionate to the seriousness of the violations.

Therefore, a sentence of 9 months custody, with no supervised release to

follow, is sufficient, but not greater than necessary, to comply with the purposes

set forth in 18 U.S.C. § 3553(a)(2).

## IV.    CONCLUSION

Defendant was advised that the above sentence would be recommended to

Judge Christensen, and he was reminded that he has the right to object to these

Findings and Recommendations within 14 days of their issuance.  He was also

reminded that he has the right to appear and allocute before Judge Christensen

prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the

following FINDINGS:

1.      Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance, as alleged in Violation No. 1.

2.      Defendant violated the special condition that he must participate in and successfully complete an outpatient program of substance abuse treatment, as alleged in Violation No. 2.

Accordingly, IT IS RECOMMENDED that:

1.      The Court should revoke Defendant's supervised release and sentence Defendant to 9 months imprisonment, with no supervised release to follow.

2.      The Court should recommend Defendant's placement at FCI El Reno in Oklahoma.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made.  Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action

on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 30th day of October, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge